# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**TIMOTHY TERR FINCH, #64995**                                       **PETITIONER**

**VERSUS**                                       **CIVIL ACTION NO. 3:10-cv-90-HTW-LRA**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**[1]                **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. On February 8, 2010, Petitioner Finch, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this petition for habeas corpus relief pursuant to Title 28 U.S.C. § 2254. Petitioner filed his response [7] to the Court's order [4] to amend regarding the exhaustion of his state court remedies on May 7, 2010.[2] Upon review of the Petitioner's pleadings and applicable case law, the Court finds as follows.

### Background

Petitioner pled guilty to and was convicted of armed robbery in the Circuit Court of Madison County, Mississippi, on April 12, 1996. As a result, Petitioner was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. On May 30, 1997, Petitioner pled guilty to and was convicted of the sale of cocaine in the Circuit Court of

---

[1] Pursuant to Petitioner's response [7], Commissioner Christopher Epps and Superintendent Ron King shall replace the Mississippi Department of Corrections as the named Respondents. The Clerk is directed to edit the docket accordingly.

[2] The Court grants Petitioner's motion [6] for an extension of time to file his response and deems Petitioner's response [7] of May 7, 2010, to be timely filed.

Madison County. Petitioner was sentenced to serve six years in the custody of MDOC for this sale of cocaine conviction. Petitioner states that his six-year sale of cocaine sentence was ordered to run consecutively to his ten-year armed robbery sentence.

Petitioner claims that his constitutional rights are being violated because his term of incarceration has expired. Specifically, Petitioner claims that MDOC is incorrectly calculating his sentence based on alleged errors regarding his jail time credits and earned time credits. Petitioner argues that his sentence expired in February of 2010, however MDOC has calculated his tentative discharge date to be January 7, 2012, with a maximum discharge date of February 2, 2012. *Resp.* [7], p. 2; *Compl.* [1], p.17. As relief, Petitioner is seeking his immediate release from incarceration.

An order [4] was entered directing Petitioner to file a written response to "specifically state if he has filed (other than a direct appeal) any petitions, applications or motions with respect to his claim that his sentence has expired in any court, state or federal" and Petitioner was directed to provide certain information about any filings. Petitioner filed his response [7], wherein he states that he has not filed any actions with the state courts regarding the calculation of his sentence or claim that his sentence has expired.

<u>Analysis</u>

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that Petitioner has failed to exhaust his available state remedies. Therefore, this petition for habeas relief will be dismissed.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of

his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).[3]

---

[3] A state inmate's challenge to his eligibility for good conduct time is properly pursued as a § 2254 petition. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991).

Clearly, the Petitioner has an available procedure to challenge MDOC's calculation of his sentence with the state courts of Mississippi. *See. e.g., Stokes v. State,* 984 So.2d 1089 (Miss.Ct.App. 2008)(inmate appealed MDOC's denial of administrative remedy regarding calculation of his sentence); *Horton v. Epps*, 966 So.2d 839, 840-41 (Miss.Ct.App. 2007)(county of incarceration found to be proper venue for inmate's claim that he was entitled to trusty earned time); *Guy v. State*, 915 So.2d 508, 510 (Miss.Ct.App. 2005)(inmate contested computation of time which would allow early release); *Hill v. State*, 838 So.2d 994, 996-98 (Miss.Ct.App. 2003)(inmate allowed to maintain claims regarding alleged mis-computation of sentence credits); *Lee v. Kelly*, No. 2008-CP-01782-COA, 2010 WL 522696 (Miss.Ct.App. Feb. 16, 2010)(inmate challenged MDOC's computation of sentence and eligibility for release). Since Petitioner clearly states that he has not pursued his claims, in any form, with the state courts, this habeas corpus petition will be dismissed, without prejudice, for failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

SO ORDERED, this the 23rd day of July, 2010.

s/ HENRY T. WINGATE
CHIEF JUDGE
UNITED STATES DISTRICT COURT